999 F.2d 541
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin A. COOK, Defendant-Appellant.
 No. 92-1467.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before KEITH and SURHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant, Martin A. Cook ("Cook"), appeals his jury conviction and sentence for possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On July 24, 1992, the Grand Jury named Cook in a four-count indictment. Counts One and Two charged Cook as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Count Three charged Cook with possession of an unregistered machine gun, in violation of 26 U.S.C. § 5861(d). Finally, Count Four charged Cook with use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).
 
 
 3
 The indictment arose following the execution of several search warrants. On June 15, 1990, the Livonia Michigan Police Department executed a search warrant at Cook's residence. The search uncovered approximately 750 grams of marijuana, a shotgun and ammunition in Cook's bedroom. The officers also found several books and manuals that provided instructions for converting a rifle into a machine gun or automatic weapon. Cook subsequently pled guilty in state court to one count of possession with intent to deliver marijuana and one count of habitual offender. He received a sentence of one year's probation on each count.
 
 
 4
 On November 14, 1990, agents from the Bureau of Alcohol, Tobacco, and Firearms executed two search warrants at Cook's residence. The searches uncovered a rifle and most of the parts needed to convert a rifle into a fully operational machine gun. Several books and manuals that provided instruction on machine gun parts and assembly were also present.
 
 
 5
 On October 7, 1991, Cook agreed to plead guilty to Count One (Felon in Possession of a Firearm) and Count Four (Use of a Firearm During a Drug Trafficking Crime). Subsequently, however, on December 3, 1991, substitute counsel for Cook moved to withdraw the guilty plea arguing as follows:
 
 
 6
 [P]revious counsel did not file any pre-trial motions challenging the legality of prosecuting the Defendant on Counts One and Two ...[;] did not file a motion challenging the prosecution of Defendant on Counts Three and Four on due process grounds ...[; and] did not file a motion challenging the constitutionality of the seizure of the weapon which is the object of Count Three of the indictment.
 
 
 7
 The government agreed to allow Cook to withdraw his plea, and the case proceeded to trial. The record reflects, however, that no additional substantive pretrial motions were filed.
 
 
 8
 On February 13, 1992, a jury trial began. Testimony centered primarily around the ability of Cook to convert the seized rifle to a machine gun without an autosess or gas tube, both of which may be used to convert a semi-automatic weapon into a fully automatic weapon or machine-gun. On February 19, 1992, the jury returned a guilty verdict on Counts Three and Four. Counts One and Two were to be dismissed at sentencing by the government.
 
 
 9
 Following the denial of several post trial motions, the district court sentenced Cook to forty-one (41) months imprisonment on Count Three and sixty (60) months on Count Four to run consecutively. This timely appeal followed.
 
 II.
 
 10
 On appeal for the first time, Cook challenges the legal validity of his conviction for possession of an unregistered firearm. Specifically, he argues that the government charged him with failing to register a firearm (i.e. machine gun) which he is prohibited by law from registering. Cook also asserts that he did not possess a statutorily defined machine gun because he did not possess an essential part for converting his rifle into a machine gun. Finally, Cook argues that there was insufficient evidence to convict him of possession of a firearm during a drug trafficking offense. We address each claim seriatim below.
 
 A.
 
 11
 Cook argues that he was charged erroneously with violating the National Firearms Act ("NFA"). 26 U.S.C. § 5861 (1968). The NFA simply prohibits the receipt, possession, or transfer of an unregistered firearm. The NFA specifically prohibits the registration of a firearm "if the transfer, receipt, or possession of the firearm would place the transferee in violation of the law." See 26 U.S.C. § 5812(a). Additionally, 18 U.S.C. § 922(o) clearly prohibits the possession of any machine-gun following its effective date in 1986. Cook essentially argues that the government prosecuted him pursuant to the wrong statute because Section 922(o) effectively invalidates the registration requirements for machine-guns in Section 5861. Therefore, Cook asserts that Count Three of the indictment is defective and must be dismissed. Cook raises this issue for the first time on appeal.
 
 
 12
 In United States v. Oldfield, 859 F.2d 392 (6th Cir.1988), defendant Oldfield contended for the first time on appeal that the government was proceeding under the wrong statute. This Court held that a defendant must raise challenges based on alleged defects in the indictment before trial. The Oldfield Court explained:
 
 
 13
 Federal Rule of Criminal Procedure 12(b) provides in relevant part:
 
 
 14
 Any defense objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion.... The following must be raised prior to trial:
 
 
 15
 * * *
 
 
 16
 (2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings )....
 
 
 17
 (Emphasis supplied). Federal Rule of Criminal Procedure 12(c) provides:
 
 
 18
 Unless otherwise provided by local rule, the court may, at the time of the arraignment or as soon thereafter as practicable, set a time for the making of pretrial motion or requests and, if required, a later date of hearing.
 
 
 19
 Finally, Federal Rule of Criminal Procedure 12(f) provides some relief for defendants who fail to timely make the required pretrial motions.
 
 
 20
 Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.
 
 
 21
 This court strictly applies [Fed.R.Crim.P.] Rule 12(b), and has repeatedly held that failure to raise 12(b) motions in a timely fashion precludes appellate review.
 
 
 22
 Oldfield, 859 F.2d at 396 (citations omitted). The Oldfield Court further stated that the policy behind a strict application of Rule 12 restricts the defense tactic of "sandbagging" the opposition and simply bringing a post conviction motion for new trial. Id. at 397. A corollary to this policy rationale recognizes the practical and objective consideration that a district court can resolve this pure question of law without the unnecessary expense of trial because any "alleged defects could have been cured by an amendment to the indictment had the defects been timely raised." Id.
 
 
 23
 We find Oldfield controlling in this case. Cook raises his challenge to the validity of Count Three of the indictment for the first time on this appeal. At oral argument, the government admitted that there may have been a due process problem with the indictment, and if Cook had brought this challenge in the district court, the government likely would have indicted Cook pursuant to 18 U.S.C. § 922(o). We also note that Cook's attorney withdrew Cook's guilty plea to file additional pretrial motions specifically to challenge the indictment. Our review of the record and docket sheets shows that no such motions were filed. Accordingly, Cook has waived his challenges to the validity of the indictment.
 
 B.
 
 24
 Cook also contends that he did not possess a machine gun within the statutory definition. 28 U.S.C. § 5845 states in relevant part:
 
 
 25
 (b) Machinegun.--The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.
 
 
 26
 As the Fourth Circuit recognized in United States v. Shilling, 826 F.2d 1365 (4th Cir.1987), "[d]isassembled guns that were 'readily restorable' have been found to come under the Firearms Act by other Circuits." Id. at 1367 (citing United States v. Lauchli, 371 F.2d 303 (7th Cir.1966); United States v. Woods, 560 F.2d 660 (5th Cir.1977); United States v. Smith, 477 F.2d 399 (8th Cir.1973)). Moreover, in United States v. McCauley, 601 F.2d 336 (8th Cir.1979), defendant McCauley argued that he could not possess a machinegun within the meaning of the Firearms Act if the weapon lacked the magazine necessary for automatic firing. Id. at 341. The Eighth Circuit upheld McCauley's conviction, finding that the defendant possessed a machine gun within the statutory definition because the missing magazine was readily available on the open market. See id.
 
 
 27
 In the instant case, several magazines and manuals, which describe the process of altering a rifle to become a fully automatic weapon, were seized from Cook's residence. Additionally, Cook possessed all of the parts necessary to convert a rifle into a fully automatic weapon, or machinegun, except a piece known as an autosear or gas tube. The testimony of one agent indicated that Cook may not have needed the gas tube to actually transform the rifle into a fully automatic weapon. Other testimony indicated that the gas tube was easily obtainable from a gun parts dealer. Whether the autosear was needed or not, a jury could have found that Cook possessed a machinegun within the statutory definition. Accordingly, this contention must fail.
 
 C.
 
 28
 Cook finally challenges the sufficiency of the evidence to convict him of use of a firearm in violation of 18 U.S.C. § 924(c). We assess a sufficiency of the evidence challenge by viewing the evidence presented in the light most favorable to the government and determining whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See United States v. Kottmeyer, 961 F.2d 569, 573 (6th Cir.1992).
 
 
 29
 The record indicates that Cook owned the shotgun and ammunition seized in Cook's bedroom pursuant to the June 1990 search warrant. Moreover, the government offered testimony that Cook admitted to possessing the marijuana seized in his bedroom with the intention of selling it and the Cook's prior state court guilty plea for possession with intent to deliver. Finally, the facts show that the rifle was readily accessible to Cook and may have been used to protect or facilitate the sale of the marijuana. See United States v. Acosta-Cazares, 878 F.2d 945 (6th Cir.1989); United States v. Henry, 878 F.2d 937 (6th Cir.1989). Accordingly, Cook's challenge to the sufficiency of the evidence must fail.
 
 III.
 
 30
 For the foregoing reasons, we AFFIRM the jury conviction and sentence imposed by the Honorable Robert E. Demascio, Senior District Judge for the Eastern District of Michigan.